# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| ANTHONY MONROE | CIVIL ACTION NO. 21-4063 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| TERRY CONNER, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

In this Section 1983 action, three Defendants seek to dismiss Plaintiff Anthony Monroe's ("Monroe") complaint under Federal Rule of Civil Procedure 12(b)(6).[1] Whether Monroe's federal claims survive dismissal turns on whether his complaint, filed nearly two years after the alleged offense, is timely. A short time ago, this Court was tasked with determining if Section 1983 suits brought in Louisiana and arising from a "crime of violence" had a one-year limitations period. *Brown v. Pouncy*, ___ F.Supp.3d ___, 2022 WL 4594557 (W.D. La. Sept. 29, 2022). Once again, this Court must answer that same question in the affirmative: Binding Supreme Court authority directs that federal courts apply the residual state limitations period to Section 1983 actions. In Louisiana, this period is one year. Because Monroe brought this Section 1983 action nearly two years after the incident giving rise to his lawsuit, Monroe's federal law claims have prescribed, and Defendants' motions to dismiss are **GRANTED**.

---

[1] Record Documents 28, 31 & 40. These Defendants include Colonel Lamar Davis [Record Document 28], whom Monroe sued in his official capacity, and Officers Richard Matthews [Record Document 31] and Terry Conner [Record Document 40], whom Monroe sued in their individual capacities.

## BACKGROUND

A routine traffic stop allegedly ended in violence after three[2] Louisiana State Police ("LSP") Troopers ("Defendant Officers") physically attacked Monroe in Bossier Parish, Louisiana.[3] According to the Amended Complaint, this unprovoked brutality caused Monroe to suffer a heart attack and other severe life-threatening injuries.[4] As a result of the altercation, Monroe says the Defendant Officers and their supervisors[5] violated his constitutional rights.

Monroe brought suit one year and eleven months after the incident.[6] Invoking 42 U.S.C. Sections 1983 and 1985, Monroe claims the Defendant Officers violated and conspired to violate his Fourth and Fourteenth Amendment rights.[7] He further contends that their supervisors and the LSP Superintendent are also liable under Section 1983 for failing to supervise, investigate, and decertify the Defendant Officers.[8] Along with these federal law claims, Monroe asserts additional causes of action arising under Louisiana law. Among them, Monroe argues that Defendant Officers committed aggravated assault and battery under Louisiana Revised Statutes Sections 14:37 and 14:34, respectively.[9] Lastly,

---

[2] The officers Monroe claims were involved in the beating include Richard Matthews, Terry Conner, and one "John Doe" officer. Record Document 16 at 4.
[3] *Id.* at 6, 8 & 10–11.
[4] *Id.* at 11–13.
[5] The supervisors noted in the Amended Complaint include the Superintendent of the Louisiana State Police, Colonel Lamar Davis, and additional "John Doe" officers. *Id.* at 4–5.
[6] *Id.* at 1–3. The incident in Bossier Parish, Louisiana, occurred on November 29, 2019, and Monroe filed this lawsuit on November 24, 2021. Record Document 1.
[7] Record Document 16 at 18–21.
[8] In connection with this Section 1983 claim, Monroe urges this Court to take judicial notice of a Department of Justice press release announcing an investigation of the Louisiana State Police [Record Document 56-1]. Because Monroe's action will be denied for the reasons below, this motion [Record Document 56] is **DENIED as moot**.
[9] Record Document 16 at 23–24.

he contends that an additional Defendant, the Custodian of Records for the LSP[10] ("Custodian"), is liable for failing to supply requested public documents throughout this litigation. Monroe says this violates Louisiana's public records law under Louisiana Revised Statute Section 14:1.

In response, all Defendants against whom Monroe brings federal claims have filed motions to dismiss Monroe's lawsuit, arguing his complaint is untimely.[11] The Custodian, however, brings a separate motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[12] His motion exclusively addresses the alleged public records law violation and will be addressed in greater detail below.

## LEGAL STANDARD

To survive a motion to dismiss brought under Rule 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555). A court must accept all of the factual allegations in the complaint as true in determining whether the plaintiff

---

[10] This Defendant is Lt. Colonel Chavez Cammon, whom Monroe sued in his official capacity.
[11] The National Police Accountability Project, Inc., and the Law Enforcement Action Partnership have each moved to file amicus briefs into the record [Record Documents 59 & 62]. The Court has reviewed and considered these briefs before issuing this ruling. The motions to file the amicus briefs are therefore **GRANTED**, and the Clerk shall file the movants' filings into the record.
[12] Record Document 26.

has stated a plausible claim. *See Twombly*, 550 U.S. at 555; *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). If a complaint cannot meet this standard, it may be dismissed for failure to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678–79. A court does not evaluate a plaintiff's likelihood of success but determines whether a plaintiff has pleaded a legally cognizable claim. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A dismissal under 12(b)(6) ends the case "at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558.

## LAW AND ANALYSIS

### I.  Federal Claims Under Section 1983

Section 1983 provides a cause of action against any person acting under the color of state law who "subjects" a person or "causes [a person] to be subjected . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Since Congress adopted the statute, Section 1983 has become the primary civil remedy for enforcing federal constitutional and statutory rights. Ronald D. Rotunda & John E. Nowak, *Treatise on Constitutional Law-Substance & Procedure* § 19:13 (May 2021). Yet while Congress provided private plaintiffs a means to challenge state actors in federal court, it never adopted a limitations period governing Section 1983 lawsuits.

The United States Supreme Court filled that void in *Owens v. Okure*, 488 U.S. 235 (1989). The *Owens* Court held that "where state law provides multiple statutes of

limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Id.* at 249–50. Like other states, Louisiana has numerous limitations—or "prescriptive"—periods dependent on an actor's alleged misconduct. But Louisiana's "residual" prescriptive period for personal injury actions is one year under article 3492.[13] La. Civ. Code art. 3492; *Bradley v. Sheriff's Dep't St. Landry Par.*, 958 F.3d 387, 389–90 (5th Cir. 2020) (observing that Louisiana's "residual" prescriptive period is found in article 3492).

Monroe argues, however, that Louisiana's one-year period disregards the practicalities of litigating federal civil rights claims and discriminates against Section 1983 claimants. For these reasons, he believes that the brief timeframe is inconsistent with the Constitution and law of the United States, so he urges the Court to apply a different limitations period in its place. As a practical alternative, he suggests that the Court adopt the period in 28 U.S.C. § 1658(a), which provides a four-year statute of limitations for all civil actions "arising under an Act of Congress enacted after the date of the enactment of this section." 28 U.S.C. § 1658(a). Compared with a lone year, Monroe argues that Section 1658's four-year statute of limitations is a more suitable alternative to carry Section 1983 into effect.

---

[13] Though all of Monroe's federal claims arise under Section 1983, he notes in his Amended Complaint that his conspiracy theory is based in both Sections 1983 and 1985. Record Document 16 at 20. That Monroe invokes Section 1985 does not affect this Court's prescription analysis. This is because "[t]he statutes of limitations for § 1983 and § 1985 claims are the same as the statute of limitations in a personal injury action in the state in which the cause of action arose." *Smith v. Humphrey*, 540 F. App'x 348, 349 (5th Cir. 2013).

Be that as it may, Monroe fails to address the fatal flaw in his argument: Congress passed Section 1658 *after* Section 1983. And unfortunately for Monroe, Section 1658's application is not retroactive; its text expressly excludes Section 1983 and all other federal causes of action enacted before December 1, 1990. *Id.* Though Monroe would have this Court adopt the four-year limitations period regardless, the plain text of Section 1658 precludes the Court from applying its provisions to Monroe's claims. *See also Garrett v. Thaler*, 560 F. App'x 375, 383 (5th Cir. 2014) (concluding that the four-year limitations period under 28 U.S.C. § 1658 does not apply to Section 1983 actions).

Perhaps foreseeing this issue, Monroe makes an alternative argument: If this Court is unwilling to adopt the four years in Section 1658, Monroe urges the Court to clarify *Owens*'s holding. Monroe explicitly seeks a ruling limiting *Owens* to states that have a residual statute of limitations longer than their other more applicable and particularized statute of limitations. In other words, Monroe wants this Court to apply a longer prescriptive period under Louisiana law—one that explicitly governs the Defendant Officers' conduct giving rise to this lawsuit. Monroe cites a specific Civil Code article, in particular, that provides a two-year prescriptive period for "[d]elictual actions which arise due to damages sustained as a result of an act defined as a crime of violence." La. Civ. Code art. 3493.10. Because Monroe's federal claims allegedly arose from a criminal act of violence—aggravated assault and battery—he argues that his claims should be subject to this particularized statute of limitations.

But binding precedential authority says otherwise, and this Court must apply the law as written. As noted above, the Supreme Court has issued a clear directive that

6

requires minimal interpretation: When "considering § 1983 claims," courts "should borrow the general or residual statute [of limitations] for personal injury actions." *Owens*, 488 U.S. at 249–50. That period is one year in Louisiana. True enough, as Monroe points out, maintaining a general one-year period for personal injury actions is rare. [14] The vast majority of other states, in fact, provide a residual statute of limitations of at least two years. But despite the atypical and relatively brief nature of Louisiana's one-year prescriptive period, courts in each of Louisiana's federal districts agree that it applies to Section 1983 actions. *Brown*, 2022 WL 4594557, at * 1; *Diaz v. Guynes*, No. CV 13-4958, 2015 WL 1897630, at *2 (E.D. La. Apr. 27, 2015); *Cook v. Lamotte*, No. CV 14-0428, 2015 WL 269149, at *1 n.2 (M.D. La. Jan. 21, 2015). Here, the Court will neither stray from precedent nor contradict its prior rulings. Because Monroe's federal claims prescribed one year after the incident giving rise to this lawsuit, the Defendant Officers' and the LSP Superintendent's motions are **GRANTED** in this respect. Monroe's federal law claims are thus **DISMISSED with prejudice**.

## II. State Law Claims

Having dismissed Monroe's federal claims, the Court must next consider whether exercising jurisdiction over his state law claims is proper. A district court may decline to exercise supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or

---

[14] Indeed, only two other states and Puerto Rico have a one-year statute of limitations for personal injury actions. *Brown*, 2022 WL 4594557, at *4.

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

In this case, the Court "observes that interpretation and application of Louisiana's various prescriptive periods to plaintiff's state law claims remains an issue within the particular province and expertise of the state courts." *Williams v. Ouachita Par. Sheriff's Dep't*, No. CV 17-0060, 2017 WL 4401891, at *4 (W.D. La. Aug. 28, 2017), *report and recommendation adopted,* No. CV 17-0060, 2017 WL 4399277 (W.D. La. Oct. 3, 2017). As a result, the Court declines to exercise jurisdiction over Monroe's pendant state law claims. *Bradley*, 958 F.3d at 396 ("Since [the plaintiff's] § 1983 claims failed, dismissal of the pendant state-law claims was within the district court's discretion."). The claims are thus **DISMISSED without prejudice**.

Finally, because the Court declines to exercise supplemental jurisdiction over Monroe's claims arising under state law, the Custodian's motion exclusively addressing the alleged violation of Louisiana's public record law is **DENIED as moot**. Monroe's state law claims in that regard are likewise **DISMISSED without prejudice**.

## CONCLUSION

For the reasons stated herein, the motions to dismiss[15] filed by Defendants Lamar Davis, Richard Matthews, and Terry Conner are **GRANTED**. Defendant Chavez Cammon's motion to dismiss[16] is **DENIED as moot**.  Monroe's federal claims are **DISMISSED with**

---

[15] Record Documents 28, 31 & 40.
[16] Record Document 26.

**prejudice**. Monroe's state law claims are **DISMISSED without prejudice**. The Court will issue a corresponding Judgment alongside this ruling.

**THUS DONE AND SIGNED** this 9th day of March, 2023.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE